SEVAG DEMIRJIAN SBN 243656
**DEMIRJIAN LAW OFFICES**
A PROFESSIONAL LAW CORPORATION
6320 Canoga Ave. #1547
Woodland Hills, California 91367
Telephone: 310-870-3977
Facsimile: 310-946-0339
E-mail: info@demirjianlaw.com

Attorneys for Plaintiff JAMIE GRACE MEEKS

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GRACE MEEKS, individually, <br><br> Plaintiff, <br><br> vs. <br><br> ALLISON COSMOS; MEGAN WINTERS; ELLE DÉCOR; VERANDA; and DOES 1-10, inclusive. <br><br> Defendants. | Case No.: **'16CV1814 LAB NLS** <br><br> **COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Jamie Grace Meeks, by and through her undersigned counsel, alleges as follows:

1.     This is an action in law and equity for copyright infringement, trademark infringement, dilution, false designation of origin, injury to business reputation, deceptive trade practices, and unfair competition arising under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq. and the Lanham Act 15 U.S.C. 1051, et seq.

2. As set forth below, Plaintiff JAMIE GRACE MEEKS (hereinafter "MEEKS" or "Plaintiff") is an independent artist located in Los Angeles County, California. Plaintiff owns valuable copyright and trademark rights in her works for use in her future artworks.

3. Defendant Allison Cosmos is also an artist (hereinafter "COSMOS"), and upon information and belief, is located in Southern California. COSMOS blatantly and willfully trampled on Plaintiff's rights by copying the unique and protected elements and styles in MEEKS' protected Work.

4. Defendant Megan Winters is a designer (hereinafter "WINTERS"). WINTERS hired, paid, commissioned, requested and otherwise instructed Cosmos to copy said protected works.

5. Defendant Elle Decor, Inc. is an entity of unknown type, but upon information and believe, is owned by Hearst Media Partners, LLC, a California Limited Liability Company doing business in the state of California and headquartered at 300 W. 57th Street, New York, New York. Elle Décor published copies of the Copyrighted Works without the permission of Plaintiff.

6. Upon information and belief, Veranda Inc. is a subsidiary of Elle Décor and Hearst Media Partners. Veranda published copies of the Copyrighted Works without the permission of Plaintiff.

7. By virtue of Defendants' WINTERS and Elle Décor's dominant position in the industry relative to Plaintiff and their significant impact in the industry, Defendants unauthorized use of Plaintiff's protected works has diluted Plaintiff's mark. As a result, Plaintiff is quickly losing the value of her trademark, its identity and control over the goodwill and reputation established over the years. Accordingly, the harm suffered by Plaintiff as a result of Defendants' infringement and unfair competition is irreparable, and Dependants' wrongful activities will continue unless enjoined by the Court.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331 and 1338 and 15 U.S.C. 1121 because Plaintiff's claims arise under the Trademark Act of 1946, as amended, 15 U.S.C. 1051, et seq. The Court has

1   supplemental jurisdiction over the state and common law claims under 28 U.S.C. 1338(b)
2   and 28 U.S.C. 1367(a).

3   9.      The Court has personal jurisdiction over Defendants by virtue of the fact that,
4   upon information and belief, Defendants (a) are doing business in the State; (b) have
5   transacted business within the State of California; and  (c) have infringed Plaintiff's
6   trademarks within the state.

7   10.     Venue is proper in the Southern District of California under 28 U.S.C. 1391(b) and
8   (c) because Defendants do business in, has substantial contacts with and/or may be found
9   in the Southern District of California, and a substantial portion of the events at issue have
10  arisen and will arise in this judicial district.

11  11.     Plaintiffs are unaware of the true names and capacities of those sued herein as
12  unknown other named defendants.  Plaintiffs will amend this complaint to allege said
13  defendants' true names and capacities when that information becomes known to them.

14  12.     Plaintiffs are informed, believe and thereon allege that these unknown other
15  named defendants are legally responsible and liable for the incident, injuries and damages
16  hereinafter set forth, and that each of said defendants proximately caused the injuries and
17  damages by reason of negligent, careless, deliberately indifferent, intentional, willful or
18  wanton misconduct, including the negligent, careless, deliberately indifferent, intentional,
19  willful or wanton misconduct in creating and otherwise causing the incident, conditions
20  and circumstances hereinafter set forth, or by reason of direct or impugned negligence or
21  vicarious fault or breach of duty arising out of the matters herein alleged.

22  13.     Plaintiffs are informed and believe and thereon allege that each Defendant was, at
23  all relevant times, either an agent, supervisor, manager, joint venturer, employer, and/or
24  employee and/or co-conspirator of each or one or more of the remaining Defendants, and
25  was acting in the course and scope of such agency, joint venture, managerial,
26  employment and/or conspiracy and with the permission and consent of their
27  codefendants.  The Defendants, and each of them, authorized and ratified the wrongful
28  acts of each and every other Defendant.  Plaintiffs further allege that Defendants agreed,

corroborated and conspired in committing the wrongful acts as herein alleged with the knowledge and consent of the remaining Defendants and each of them and/or Defendants were reckless, grossly negligent, and/or deliberately indifferent in not knowing of the conditions and/or acts and omissions complained of and thereby created an environment whereby the alleged wrongful acts could occur. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown other named defendants when they are ascertained.

14.    Each of the individual defendants sued herein is sued both in his or her individual and personal capacities, as well as his or her official capacity.

## COMMON FACTS

15.    Plaintiff is engaged in the business of designing, painting and selling fine art. She owns valuable rights in her trademark protected and federally registered copyrighted works.

16.    In 2012, MEEKS created a series of gold leaf mixed-medium resin drip on white gloss paintings (hereinafter the "Protected Works").  Copies of some of her Protected Works are attached as Exhibit B.

17.    On May 18, 2015 MEEKS applied for and received copyright registration number VAu 1-225-863 with the U.S. Copyright Office for her Protected Works, complying in all respects with the registration and deposit requirements of the Copyright Act. Copies of said registration are attached hereto as Exhibit A.

18.    On November 14, 2013, designer WINTERS purchased one of MEEKS' Protected Works.

19.    Through various communications starting on November 14, 2013 and ending sometime in February of 2014, WINTERS commissioned MEEKS to create additional works of art substantially similar to the Protected Works.

20.     Through the same communications, WINTERS promised MEEKS that her Protected Works would appear in an article about WINTERS' interior design in a future issue of Elle Décor magazine.

21.     At some time around or after February of 2014, WINTERS stopped communications with MEEKS and instead commissioned COSMOS to make substantially similar copies of said Protected Works.

22.     At some time around or after February of 2014, WINTERS ordered and purchased, and COSMOS copied and sold, substantially similar copies of said Protected Works (hereinafter "Infringing Works").

23.     In May of 2015, MEEKS saw artwork substantially similar to her Protected Works published in an issue of Elle Décor magazine, in an article featuring designer WINTERS. The Infringing Work was credited by Defendants WINTERS and Elle Décor to artist Allison Cosmos.  Copies of some of the Infringing Works are attached as Exhibit C.

24.     The Infringing Works were then published and then appeared on the cover of, and in, many other publications, some owned by Elle Décor, such as the December 2015 issue of Veranda magazine.

25.     The Infringing Works continue to be published, distributed and sold in magazines, books, and galleries worldwide.

# FIRST CLAIM FOR RELIEF
# FEDERAL COPYRIGHT INFRINGEMENT
## [17 U.S.C. § 501(A)]

26.     Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

27.     At all relevant times, Plaintiff has owned all applicable rights, titles, and interests in and to her Protected Works.

28.     Plaintiff has complied in all respects with Title 17 of the United States Code, applied for the exclusive rights and privileges in and to the above referenced copyrights, and has received Copyright Registration Number VAu 1-255-863.

29.     Defendants have infringed and continue to infringe Plaintiff's Protected Works by copying, using, selling, and distributing Plaintiff's Protected Works in various galleries and publications without the consent of Plaintiff and in disregard of Plaintiff's exclusive rights under copyright.

30.     On information and belief, defendants have acted with full knowledge of Plaintiff's rights under copyright without regard for the damage to plaintiff caused by defendant's activities.

31.     Defendant's use, reproduction, and distribution of the Protected Works has been and is without authorization and without Plaintiff's consent.

32.     Defendant COSMOS unlawfully and willfully copied all or part of MEEKS' Protected Works, in violation of MEEKS' copyright and 17 U.S.C. § 501(A).

33.     One sample of the Infringing Works is attached as Exhibit C to this Complaint. The Infringing Works infringe MEEKS' copyright in the Protected Works.

34.     Defendant's Infringing Works are not only substantially similar, but strikingly similar to the Protected Works, exuding the same "look and feel" as MEEKS' Protected Works.

35.     Defendant's actions demonstrate an intentional, willful, and malicious intent to infringe upon plaintiff's copyrights resulting in injury to plaintiff.

36.     Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

37.     MEEKS has lost substantial revenue from Defendant's unlawful and willful copying of the Protected Works.

38.     Defendants Infringing Works dilute the market and serve to destroy the distinctiveness of MEEKS' Copyrighted Works.

39.     Defendant's copying of MEEKS' Protected Works destroys the public's identification of the Protected Works to MEEKS as MEEKS' exclusive property, thereby confusing the public and causing MEEKS to suffer irreparable damages and lost profits.

40.     MEEKS' sale of her own works and derivative works is prejudiced by Defendant's copyright infringements.

41.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff, and unless enjoined, Defendants will continue to cause substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief, Plaintiff's actual damages and Defendant's profits in an amount to be proved at trial and enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement, and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADE DRESS INFRINGEMENT
### [15 U.S.C. § 1125/Lanham Act 43(a) and § 1117(a)]

42.     Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

43.     When designing, creating and distributing the Protected Works, MEEKS adopted a particular dress, design and combination of features and distinctive elements to produce a particular visual appearance and commercial impression for the purpose of presenting its goods to the public (hereinafter "MEEKS' Trade Dress"), and has standing to maintain an action for trade dress infringement under the federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

44.     Defendant has attempted to imitate MEEKS' particular dress, design and combination of features, as they pertain to the Protected Works, in such a way as to mislead the public.

45.     The multiplicity of similarities between MEEKS' Protected Works and the Infringing Works of COSMOS evidence a conscious intent by Defendants to imitate and copy MEEKS and MEEKS' Trade Dress.

46.     Defendant's use of color and combination of colors when copying and/or imitating MEEKS' Protected Works evidences a conscious intent of Defendants to imitate and copy MEEKS and MEEKS' Trade Dress.

47.     Defendants actions are intended and/or operate to confuse the public.

48.     MEEKS' sale of her own works and derivative works is prejudiced by Defendant's imitation and copying of MEEKS and MEEKS' Trade Dress., all to MEEKS's irreparable damage.

49.     Based on Defendants' wrongful and infringing actions, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies provided by the Lanham Act, including damages that Plaintiff sustained and will sustain as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### FALSE  DESIGNATION OF ORIGIN & UNFAIR COMPETITION

### [15 U.S.C. §1125(a)/ Lanham Act 43(a) and § 1117(a)]

50.     Plaintiff realleges all preceding allegations and incorporates here as though fully set forth.

51.     Plaintiff, as the owner of all common law right, title, and interest in and to the Protected Works, has standing to maintain an action for false  designation of origin & unfair competition under the federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

52.    Defendants' aforementioned acts constitute copyright infringement, direct and/or contributory trademark infringement, and unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a) et seq.

53.    This action for unfair competition is a substantial and related claim to Defendant's infringement of MEEKS' copyrights and pursuant to § 1338(b) of Title 28 of the United States Code, the court has and should assume pendent jurisdiction of this claim.

54.    Defendant, in unlawfully and willfully copying the Protected Works and placing the design of MEEKS on the Infringing Works created a likelihood of confusion among the public as to the original source of MEEKS' artworks and have contributed to the dilution of the distinctive quality of MEEKS' work in the marketplace.

55.    Defendants knew or, by the exercise of reasonable care, should have known, hat their adoption and commencement of and continuing use in commerce of designs that are identical or confusingly and substantially similar to and constitute a reproduction of Plaintiff's Protected Works would cause confusion, mistake, or deception among purchasers, users, the public and the trade.

56.    Defendants, by their unauthorized appropriation and use of MEEKS' copyrighted works, have and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on MEEKS' good will and the public's acceptance of MEEKS' copyrighted works, all to MEEKS' irreparable damage.

57.    As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's protected works. Plaintiff is without adequate remedy at law.

58.    Based on Defendants' wrongful and infringing actions, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies provided by the Lanham Act, including damages that Plaintiff sustained and will sustain as a result of

1  Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and
2  advantages obtained by Defendants as a result thereof, enhanced discretionary damages
3  and reasonable attorney's fees and costs.

4  ## FOURTH CLAIM FOR RELIEF
5  ### UNJUST ENRICHMENT

6  59.    Plaintiff realleges all preceding allegations and incorporates here as though fully
7  set forth.

8  60.    Defendants' unauthorized use of Plaintiff's trademark has resulted in commercial
9  and pecuniary benefit to Defendants.

10  61.    Defendants accepted, used and enjoyed the commercial, pecuniary and other
11  benefits that resulted from their use and display of Plaintiff's trademark.

12  62.    Defendants have refused without legal justification or excuse to pay for the
13  commercial and pecuniary benefits received, and by reason of such refusal, Defendants
14  are liable to Plaintiffs for the value of the commercial and pecuniary benefits resulting
15  from their unauthorized use of Plaintiff's trademark.

16

17  ## FIFTH CLAIM FOR RELIEF
18  ### MISAPPROPRIATION

19  63.    Plaintiff realleges all preceding allegations and incorporates here as though fully
20  set forth.

21  64.    Defendants' sale of the Infringing Works and subsequent publications displaying
22  the works without Plaintiff's consent and without remunerating Plaintiffs constitutes
23  misappropriation.

24  65.    Defendants' misappropriation has caused serious harm to Plaintiff.

25  66.    Defendants' conduct has been willful and malicious.

26  67.    Defendant's actions demonstrate an intentional, willful, and malicious intent to
27  trade the goodwill associated with Plaintiff's copyright and trademark protected works to
28  Plaintiff's great and irreparable injury.

68.     Defendants have caused and are likely to continue causing substantial injury to the public and Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees.

**WHEREFORE, Plaintiff prays for judgment against Defendants and for injunctive and monetary relief as follows:**

1.     That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

2.     That Plaintiff be awarded damages for defendants' copyright infringement based on defendants' profits derived from their unlawful infringement of plaintiff's copyrighted works and infringing derivatives thereof; or statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. §504, at Plaintiff's election before the entry of final judgment, together with prejudgment and post-judgment interest.

3.     That the court find that Defendants have violated 15 U.S.C. 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the  court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $500,000.00 against Defendants.

4.     That the court find that Defendants have violated 15 U.S.C 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its

attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

5.     That the court award such other and further relief as it deems just and equitable in the premises.

Respectfully submitted,

DATED: July 1, 2016                   DEMIRJIAN LAW OFFICES

BY: Sevag Demirjian, Esq.
Attorney for Plaintiff,
JAMIE GRACE MEEKS

## **JURY TRIAL DEMANDED**

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

DATED: July 1, 2016                   DEMIRJIAN LAW OFFICES

BY: Sevag Demirjian, Esq.
Attorney for Plaintiff,
JAMIE GRACE MEEKS